# United States District Court
for the
## District of Alaska

AMENDED Supplemental Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Justin K. Lanz                                  Case Number: A00CR0137

Sentencing Judicial Officer:        James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:          January 18, 2001

Original Offense:                   Stealing a Firearm, 18 USC 924(1)

Original Sentence:                  70 months custody and 3 years supervised release; drug treatment and testing; search/seizure; mental health treatment.

Date Supervision Commenced:         December 20, 2005

Asst. U.S. Attorney: Stephan Collins                    Defense Attorney: Rex Butler

---

## PETITIONING THE COURT

[X]   To issue a warrant (Warrant already issued April 10, 2006)
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on **April 7, 2006, the defendant committed the offense of Misconduct Involving a Controlled Substance-4, in violation of Alaska Statute 11.71.040(a)(3)(A) . The defendant was found to be in possession of a quantity of cocaine. This violation is a Grade B violation.** |
| 4 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on April 7, 2006, the defendant was arrested by the Anchorage Police Department and charged with Misconduct Involving a Controlled Substance-4, in violation of Alaska Statute 11.71.040(a)(1) . The defendant was found to be in possession of a quantity of ecstasy (MDMA) with the intent to deliver. This violation is a Grade A violation. |
| 5 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on April 7, 2006, the defendant was arrested by the Anchorage Police Department and charged with Misconduct Involving a Controlled Substance-6, in violation of Alaska Statute 11.71.060(a)(1) . The defendant was found to be in possession of a quantity of marijuana. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

   The term of supervised release should be:

       [X]   Revoked
       [ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

/s/ Michael Pentangelo
Senior U.S. Probation Officer
Date: July 3, 2007

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[ ]   The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]   Other: **The Supplemental Petition for Warrant or Summons for Offender Under Supervised Release be amended as to allegation 3 to reflect the defendant's actual conviction in state court to wit: Fourth Degree Misconduct Involving a Controlled Substance in violation of Alaska Statute 11.71.040(a)(3)(A).**

**REDACTED SIGNATURE**

James K. Singleton
Senior U.S. District Court Judge

07/03/2007
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>vs.                        )<br>)<br>)<br>Justin K. Lanz                     ) | Case Number: A00CR0137<br><br>DECLARATION IN SUPPORT OF PETITION<br>**AMENDED** SUPPLEMENT |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Justin K. Lanz, and in that capacity declare as follows:

The defendant was sentenced on January 18, 2001 to 70 months custody and 3 years supervised release with special conditions for drug treatment and testing; mental health treatment; and search/seizure. This sentence followed a conviction for Stealing a Firearm, in violation of 18 USC 924(1).

The defendant commenced supervision on December 20, 2005. Although he was released from federal custody on November 10, 2005, the defendant had an outstanding Alaska State Parole warrant. After being taken into state custody, the defendant was ultimately ordered confined for 90 days in a community corrections center. The defendant was admitted to the Glenwood Center on or about February 16, 2006.

On March 19, 2006, the defendant absconded from the Glenwood Center. The defendant contacted the probation officer on March 20, 2006 and advised that he was "kicked out" of the Glenwood Center for not being at work when he reported to be there. The defendant stated that he would surrender to the authorities "next week" acknowledging that it was likely he would be returning to jail and that he desired one more week of freedom. The probation officer strongly encouraged the defendant to surrender to his Alaska State parole officer immediately. The defendant has remained in absconder status since March 20, 2006.

A Petition to Revoke Supervised Release dated April 7, 2006 was submitted to the court and an arrest warrant was subsequently issued on April 10, 2006.

On April 7, 2006, the defendant was apprehended by Alaska State Probation Officer Adorfo Guzman. During a subsequent search of the defendant's person, he was found to be in possession of 1.77 grams of MDMA; 4.36 grams of marijuana; and 8.65 grams of cocaine base.

The defendant was subsequently charged by the State of Alaska with 2 counts of Misconduct Involving a Controlled Substance, 4th degree and Misconduct Involving a Controlled Substance, 6th Degree.

On August 25, 2006, the defendant was convicted in case 3AN-S06-3475 CR of the offense of Fourth Degree Misconduct Involving a Controlled Substance in violation of Alaska Statute 11.71.040(a)(3)(A), and sentenced to 23 months presumptive flat time.

Executed this 3rd day of July, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**
for Michael Pentangelo
Senior U.S. Probation Officer